**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **HENRY F. DAVIS,** ) | **CASE NO. 1:10CV1142** |
| ) | |
| Plaintiff, ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| vs. ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| **MICHAEL J. ASTRUE,** ) | |
| **Comm'r of Social Security,** ) | |
| ) | |
| Defendant. ) | |

This case is before the Court, pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for a Period of Disability ("PID") and Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 416(I), 423. The case was referred to Magistrate Nancy A. Vecchiarelli for preparation of a Report and Recommendation ("R&R") pursuant to 28 U.S.C. §636 and Local Rule 72.2(b).[1] The R&R recommends that the Commissioner's decision be reversed and this case remanded for further proceedings. (Doc #: 16.) The Commissioner timely filed objections to the R&R (Doc #: 17), to which Plaintiff did not reply.

Having reviewed the record, the R&R, the objections and the reply thereto and for the reasons articulated below the Court **OVERRULES IN PART** the Commissioner's

---

[1]This case was originally before Magistrate Judge David S. Perelman before being re-assigned to Magistrate Judge Vecchiarelli on September 23, 2010.

Objection, **ADOPTS IN PART** the R&R**,** and **REMANDS** this matter for further proceedings on the issue of Plaintiff's diabetes mellitus and frequency of urination.

**I.**

Plaintiff filed an application for DIB and SSI on June 13, 2005, alleging a disability onset date of August 4, 2004.  After Plaintiff's applications were denied, he requested a hearing before an Administrate Law Judge ("ALJ").  The hearing took place on June 13, 2008, and featured testimony from Plaintiff and a vocational expert ("VE").  On June 26, 2008, the ALJ held that Plaintiff was not disabled.  The ALJ found that Plaintiff "has the residual functional capacity to perform medium work" and "can lift carry, push or pull 25 pounds frequently and up to 50 pounds maximum occasionally."  (Doc #: 11, Transcript of Proceedings Before Social Security Administration (hereinafter "Tr."), at 18.)  The ALJ further found that Plaintiff "can stand, walk or sit for 6 hours in an 8 hour day."  (Id.)

The ALJ's decision became the Commissioner's final decision when the Appeals Council declined review on May 7, 2010.  Plaintiff then filed the instant action on May 20, 2010, arguing that the ALJ's determination was not supported by substantial evidence.  Specifically, Plaintiff contends that the ALJ erred by concluding that Plaintiff could perform full-time work.  Plaintiff argues that the ALJ did not properly consider that Plaintiff frequently must use the restroom three to four times in an hour and misinterpreted Plaintiff's testimony as indicating that Plaintiff could perform normal daily activities, which would allow him to work full-time.

In her very thorough R&R, Magistrate Judge Vecchiarelli concluded that the ALJ's decision was not supported by substantial evidence.  The ALJ concluded that Plaintiff suffered from diabetes mellitus, which is known to be associated with polyuria, yet still found

that Plaintiff's claim of frequent urination was not supported by objective medical evidence. *See* Dorland's Illustrated Medical Dictionary, 1486 (30th ed. 2003) (defining polyuria as "the passage of a large volume of urine in a given period, as in diabetes mellitus").) The Magistrate Judge held that this error was not harmless because the VE had testified that someone with Plaintiff's medical history who needed to use the restroom two to three times an hour would require a special accommodation for any job. The Magistrate Judge further found that the ALJ provided no basis for concluding that Plaintiff could work full-time as Plaintiff provided uncontroverted testimony that he could not stand for more than two hours before he needed to sit or lie down.

   In his objections, the Commissioner argues that the ALJ adequately addressed both of these matters in his decision. The Commissioner claims that no evidence was presented that diabetes mellitus or any other condition caused Plaintiff to urinate more frequently. The Commissioner further argues that Plaintiff presented only subjective evidence that he could stand for a maximum of two hours at a time, which the ALJ found was outweighed by other evidence, including the examination of the state agency reviewing doctor. Moreover, the Commissioner contends that even if the ALJ erred by not directly addressing the issue of Plaintiff's inability to stand for two hours, such error was harmless.

**II.**

   The Court has conducted a *de novo* review of this case, and concludes that the Commissioner's objections should be overruled in part and sustained in part. Judicial review of the Commissioner's decision is limited to determining whether the ALJ employed the proper legal standards in reaching his conclusion and whether there is substantial evidence in the record

to support the Commissioner's factual findings. *See* 42 U.S.C. §§ 405(g), 1363(c)(3) (1988); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion, even if that evidence could support a decision the other way. *Casey v. Secretary of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) (citations omitted). It is more than a scintilla, but less than a preponderance, of evidence. *See Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir.1994) (per curiam).

   The Magistrate Judge correctly concluded that there is not substantial evidence for the ALJ's finding with respect to Plaintiff's diabetes and frequent urination. The ALJ acknowledged that Plaintiff suffers from diabetes mellitus, diabetes mellitus is associated with polyuria, at least one doctor reported that Plaintiff was polyuric, and the VE testified that a special accommodation is required for someone who must urinate two to three times an hour. The ALJ did not explain how the objective medical evidence does not support Plaintiff's claim that he frequently needs to urinate, in light of the ALJ's finding that Plaintiff suffers from diabetes mellitus. Nor did the ALJ explain how Plaintiff can work full time even if he does suffer from polyuria.

   There is substantial evidence, however, for the ALJ's determination that Plaintiff could stand, walk, or sit for six of eight hours per day. The ALJ credited the examination of the state agency reviewing doctor, Dr. Gary Hinzman, who found that Plaintiff could stand, walk, or sit for six of eight hours per day. (Tr. at 19, 136). Additionally, as pointed out by the Commissioner, the ALJ noted that Plaintiff did not receive regular treatment for the back pain which Plaintiff testified caused his problems with standing and had not been tested by "an x-ray

or an MRI to show a condition that would cause this pain." (Id. at 19.) Though Plaintiff argues that the ALJ did not specifically weigh Plaintiff's testimony that he could not stand for more than two hours, it is clear that the ALJ found that Plaintiff's testimony was not credible in light of the other evidence in the record. This is in contrast to the urination issue where the ALJ similarly did not credit Plaintiff's testimony, but did not explain why he denied Plaintiff's disability claim despite making conclusions of fact which directly support Plaintiff's testimony.

**V.**

For the reasons stated above, the Court concludes that the ALJ's decision regarding Plaintiff's diabetes and frequent urination was not supported by substantial evidence but that the ALJ's decision regarding Plaintiff's ability to stand for six out of eight hours was supported by substantial evidence. Accordingly, the Court **OVERRULES IN PART** the Commissioner's Objections, **ADOPTS IN PART** the Report and Recommendation of Magistrate Judge Vecchiarelli, and **REMANDS** the instant matter to the ALJ for determination of whether Plaintiff is disabled due to diabetes and frequent urination.

      **IT IS SO ORDERED.**

       */s/Dan Aaron Polster*  **9/9/11**
       **Dan Aaron Polster**
       **United States District Judge**